**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**
_____

JEFFREY LAMOTHE,

                      Plaintiff,

      v.                                                2:23-CV-00028
                                                                     (TJM/CFH)

FEDERAL COURT CLERKS,

                      Defendants.
_____

**APPEARANCES:**

Jeffrey Lamothe
17 Potter Ave., Apt. B
Granville, New York 12832
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

       Plaintiff commenced this action on January 27, 2023, by filing a complaint (Dkt. Nos. 1-1 - 1-3) and application for leave to proceed in forma pauperis ("IFP") (Dkt. No. 1).[1] On February 2, 2023, the District of Vermont disqualified itself and reassigned this case to a U.S. District Judge in the Northern District of New York. See Dkt. No. 2. On February 16, 2023, this matter was assigned to U.S. District Judge Thomas J. McAvoy. See Dkt. No. 4. On May 9, 2023, this matter was referred to the undersigned. See Dkt.

---

[1] Plaintiff has recently filed 12 actions in this District. See Lamothe v. Brown, 5:22-CV-161; Lamothe v. Bankruptcy Court, 5:22-CV-162; Lamothe v. Bankruptcy Court U.S. Trustee, 5:22-CV-163; Lamothe v. Cooper, 5:22-CV-164; Lamothe v. Federal Court Clerk, 2:22-CV-220; Lamothe v. Federal Court Clerks, 2:23-CV-28; Lamothe v. Rutland Sheriffs Department, 2:23-CV-29; Lamothe v. Rutland Sheriffs Department, 2:23-CV-30; Lamothe v. Rutland Superior Court Clerks, 2:23-CV-31; Lamothe v. Rutland City Hall Social Security, 2:23-CV-32; Lamothe v. Federal Court Clerks of Vermont, 2:23-CV-33; Lamothe v. Federal Court Clerks, 2:23-CV-40. On June 16, 2023, Chief Judge Geoffrey W. Crawford enjoined plaintiff from filing any new actions in the U.S. District Court, District of Vermont without first obtaining leave from the Chief Judge. See 5:22-CV-161 (TJM/CFH), Lamothe v. Brown, Dkt. No. 19.

No. 5.  Presently pending for review is consideration of plaintiff's IFP application, and, if granted, review of the complaint pursuant to 28 U.S.C. § 1915.

## I. **In Forma Pauperis**

After reviewing plaintiff's IFP application, Dkt. No. 1-1, the Court concludes that plaintiff financially qualifies to proceed IFP.[2]  Accordingly, the undersigned proceeds to review the complaint.

## II.  **Relevant Legal Standards**

Section 1915(e)[3] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.  Where the plaintiff is proceeding pro se, the court must consider the claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).  It is well-established that "[p]ro se submissions are reviewed with special solicitude, and

---

[2]  Plaintiff is advised that in forma pauperis status does not cover any costs and fees that may be associated with this matter, including, but not limited to, any copying fees that may be incurred.
[3] The language of section 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). However, courts have construed that section as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).  Accordingly, a financial assessment and, if determined to be financially qualified, an initial review of the complaint pursuant to section 1915 is required of all plaintiffs who seek to proceed IFP, regardless of their incarceration status.

2

'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Matheson v. Deutsche Bank Nat'l Tr. Co., 706 F.Appx. 24, 26 (2d Cir. 2017) (summary order) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (Where the plaintiff proceeds pro se, a court is "obliged to construe his pleadings liberally.") (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)). However, this approach "does not exempt a [pro se litigant] from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). The Court may not "invent factual allegations that [the plaintiff] has not pled." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

"The [Second Circuit]'s 'special solicitude' for pro se pleadings, Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994), has its limits, because pro se pleadings still must comply with Rule 8(a) of the Federal Rules of Civil Procedure." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019).[4] Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."

---

[4] As copies of this case have been provided to plaintiff along with each Report-Recommendation & Orders filed in his other cases, the Court will not be sending another copy of this unpublished case at this time.

3

FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  Id. at 8(d).

> Further, Rule 10 of the Federal Rules provides:
>
> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

> "In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" does not suffice." Id. (internal quotation marks and alterations omitted).  Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal.  Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).  Indeed, a complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

### III.  Complaint

5

Plaintiff's complaint states that it is regarding "filing taxes, malpractice." Dkt. No. 1-1 at 1. Plaintiff also states "insubordination." Dkt. No. 1-1 at 2. He states that "since filing my bankruptcy court with a lawyer/accountent [sic] my yearly income tax filing were not filed since 2009, docket number 09-10014." Id. He further states that "federal clerk wouldn't file on 11-22-22." Id. Plaintiff then includes a "motion" that appears to be a demand that the Court grant "summary judgment paid to myself Jeffrey Peter Lamothe" and states that if the case is

> settled within ten days – fifty thousand dollars[.] If settled within twety [sic] days – one hundred thousand dollar [sic][.] If settled within thirty days – one hundred fifty thousand dollar [sic] [.] If after thirty days I'm force [sic] to place (malpractice) which will cause thee [sic] thirty days to double which makes the total amount of three hundred thousand dollars

Id. Plaintiff also seeks that his "taxes (income) to be appointed to an accounting firm at no cost of myself to be filed since 2009, aswell [sic] as any income taxes I may or may not owe." Id. Plaintiff then states again, "federal clerk wouldn't process on 11-22-22 November 22 2022 December 22 2022." Id.

### IV. **Analysis**

Plaintiff's complaint plainly fails to meet the requirements of Rules 8 and 10. Plaintiff names only "Federal Court Clerks" as defendants. Although he contends that the unspecified federal clerk "wouldn't process" something for him in November 2022 and December 2022, he fully fails to state what, if any, laws or rights were violated. He does not explain how he can bring a claim for malpractice against a federal court clerk, who was not representing him in the capacity of an attorney.

Moreover, in bringing this action, plaintiff appears to yet again seek to raise claims that were already addressed in an earlier, separate action. To the extent it can be determined, it appears plaintiff already attempted to have the same subject matter addressed in Lamothe v. Federal Court Clerk, 2:22-CV-220, where the Court interpreted his complaint as seeking to sue "an unspecified clerk with the U.S. District Court for the District of Vermont for failing to 'process' lawsuits in November 2022." Lamothe v. Federal Court Clerk, 2:22-CV-220 (TJM/CFH), Dkt. No. 5 at 7.[5] In that case, the Court dismissed plaintiff's complaint and permitted leave to amend. Dkt. Nos. 5, 8. Plaintiff did not amend that complaint. See id. at dkt. no. 8 (noting that if plaintiff did not amend his complaint within 21 days of May 8, 2023, the Clerk of the Court is directed to close the case without further order).

Here, as in his earlier case, plaintiff's complaint, void of sufficient factual context or any explanation of this Court's subject matter jurisdiction, "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Court set forth in its review of Lamothe v. Federal Court Clerk, 2:22-CV-220 (TJM/CFH), Dkt. No. 5 at 7, insofar as plaintiff may be arguing that a federal court clerk wrongly declined to file his lawsuits in 2022, "to the extent plaintiff disagrees with any act or omission of a federal court clerk, absolute judicial immunity extends to court clerks who are performing tasks 'which are

---

[5] See also Lamothe v. Federal Court Clerks; State of Vermont, 2:23-CV-40 (TJM/CFH) (dismissed Apr. 8, 2022) ("Given that plaintiff directly references this case caption in the instant complaint, and again names as defendants 'Federal Court Clerks,' it is possible that he is attempting to commence a new action arising out of the same purported claims in an attempt to avoid the recommendation of dismissal pending in that action.").

judicial in nature and an integral part of the judicial process.'" Lamothe v. Federal Court Clerk, 2:22-CV-220 (TJM/CFH), Dkt. No. 5 at 7 (quoting Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997)).

A court ordinarily should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991).  However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Id.  As plaintiff attempts to raise matters that were already raised, addressed, and dismissed in at least one another case before this Court, and he has not cured the defects identified with those claims in filing his complaint in this action, it is recommended that plaintiff's complaint be dismissed with prejudice and without opportunity to amend.  As has been demonstrated by many of plaintiff's earlier filings, it appears that rather than properly amending and seeking to cure the defects the Court identifies in reviewing his complaints, plaintiff's modus operandi is to commence a new action, filing a nearly indistinguishable – and plainly insufficient – complaint in the newer action.

Further, as plaintiff has demonstrated a history of filing insufficient complaints, failing to properly amend, and then commencing a new action alleging what appears to be the same or substantially similar claims against what appears to be the same defendants – and because plaintiff sets forth no cognizable legal claim – it appears highly unlikely that a better pleading can cure the defects raised.

8

VI. **Conclusion**

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application for leave to proceed in forma pauperis, dkt. no. dkt. no. 1, is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint, Dkt. No. 1-1, be **DISMISSED with prejudice and without an opportunity to amend**; and it is further

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules of Practice.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14) days** within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).[6]

Dated: June 23, 2023
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[6] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. See Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(C).